[Civ. No. 2685. First Appellate District, Division Two.—June 19, 1919.]

THE CHARLES BOLDT COMPANY (a Corporation), Respondent, v. JULIUS LEVIN COMPANY, INC. (a Corporation), Appellant.

[1] CONTRACTS—TIME FOR PERFORMANCE NOT SPECIFIED—PRESUMPTION.—Where a contract for the sale and delivery of certain "skeletons" for bottling whisky provides that deliveries are to be taken before a given date, but is silent as to when the orders for the "skeletons" are to be sent to the seller, the law will presume that such orders are intended to be given within a reasonable time before the day fixed for delivery.

[2] ID.—BREACH—ACTION FOR DAMAGES—REASONABLE TIME—DUTY OF COURT TO DETERMINE—EVIDENCE.—In an action for damages for breach of such a contract by the seller, the defense being that the orders for the "skeletons" came too late to allow delivery within the time fixed in the contract, it is the duty of the trial court to find what constituted a reasonable time under all the circumstances, and for that purpose it may properly admit evi-

dence of the usual time required and allowed for the filling of such orders, of the previous dealings of the parties with respect to the time allowed, and similar matters.

APPEAL from a judgment of the City and County of San Francisco. John T. Nourse, Judge. Affirmed.

The facts are stated in the opinion of the court.

Louis H. Brownstone for Appellant.

Gavin McNab and Nat Schmulowitz for Respondent.

LANGDON, P. J.—This is an action to recover $778.76 for goods sold and delivered to the defendant. The defendant answered admitting this amount due and set up a counterclaim and cross-complaint against plaintiff alleging damages for breach of contract. The trial court held that the defendant was not entitled to damages against the plaintiff upon its cross-complaint, and gave judgment for plaintiff for the full amount of its claim. Defendant appeals from this judgment and the question presented to this court is in regard to the cause of action set up in the cross-complaint. This arose out of a contract for the sale and delivery to the cross-complainant of certain "skeletons" for bottling whisky, consisting of boxes, bottles, cartons, etc. The contract is evidenced by certain letters and telegrams introduced in evidence. It calls for fifteen thousand cases at specified prices, delivery of the entire number to be taken by September 1, 1917. The cases were to be marked in a certain way as per directions from the cross-complainant, who was also to have the privilege of specifying sizes, the contract providing different prices for different sizes. Up to August 27, 1917, about seven thousand "skeletons" had been delivered. On that date defendant telegraphed plaintiff asking for an extension of ninety days within which to take delivery. This was refused by telegram and on August 28th defendant telegraphed for the balance of the cases called for by the contract, specifying sizes, etc., and saying that it would specify distillery markings in a day or so. On August 29th, the cross-defendant telegraphed refusing to deliver because the order came too late to allow of delivery before September 1st. On August 31st, the cross-complainant tele-

graphed the cross-defendant giving the balance of the directions necessary to fill the order and demanding delivery. This was a night letter and arrived September 1st.

[1] The contract between the parties, as evidenced by the letters and telegrams, is silent as to when the orders for the "skeletons" were to be sent to the cross-defendant. The contract merely provides that deliveries are to be taken before September 1st. In the absence of any statement in the contract as to when the orders should be given, we think the law will presume that they were intended to be given within a reasonable time before the date fixed for delivery. Especially is this true under Civil Code sections 1655 and 1657. Section 1655 provides that stipulations which are necessary to make a contract reasonable or conformable to usage are implied in respect to matters concerning which the contract manifests no contrary intention. Section 1657 provides that if no time is specified for the performance of an act required to be performed, a reasonable time is allowed. (*Easton* v. *Montgomery,* 90 Cal. 307, [25 Am. St. Rep. 123, 27 Pac. 280].) [2] It was the duty of the trial court to find what was a reasonable time under all the circumstances. Evidence of the usual time required and allowed for the filling of such orders, of the previous dealings of the parties with respect to the time allowed and similar matters, to which the cross-complainant objects, seems to us relevant upon this issue of what was a reasonable time; and such evidence is sufficient to justify the finding made by the court that "no additional skeleton cases were requested for delivery of and from plaintiff and cross-defendant by the defendant and cross-complainant reasonably in advance of and prior to the first day of September, 1917."

We think the evidence objected to was properly admitted. The judgment is affirmed.

Brittain, J., and Haven, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 18, 1919.

All the Justices concurred.